**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PENNY KOHLI,            ) | |
|                        ) | |
|   Plaintiff,           ) | |
|                        ) | No. |
|   vs.                  ) | |
|                        ) | |
| WELTMAN, WEINBERG & REIS ) | |
| CO., L.P.A.,           ) | **JURY DEMAND ENDORSED HEREON** |
|                        ) | |
|   Defendant.           ) | |

**COMPLAINT**

NOW COMES the Plaintiff, PENNY KOHLI, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, Ohio Rev. Code § 1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Delphos, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Capital One Bank.

6. On information and belief, Defendant is a limited partnership association of the State of Ohio, which has its principal place of business in Cleveland, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about November 19, 2008, at the request of Defendant, an Order of garnishment order was issued against Plaintiff by the Lima Municipal Court. The garnishment proceeding instituted by Defendant, sought collection of a judgment from Plaintiff's wages in the amount of $2,811.80. This total was comprised of a principal amount of $1,081.34, plus $203 in court fees and $1,527.46 in prejudgment interest. A copy of the Order and Notice of Garnishment filed by Defendant is attached here to as Exhibit 1.

8. Plaintiff's employer, International Phoenix Group, withheld funds from her wages as directed to satisfy the aforementioned judgment. On or about May 27, 2008, the final payment was withheld from Plaintiff's wages to satisfy the judgment.

9. Despite Plaintiff's full payment of the judgment amount, Defendant's representatives contacted her employer's payroll department by telephone on or about July 7, 2009 and alleged that the judgment was not paid in full. Judy Ernest, a member of the payroll department, responded to the allegations by noting that all of the required payments had been made under the Order of Garnishment.

10. Defendant then sent Plaintiff's employer a letter dated July 17, 2009, which alleged that Plaintiff owed an additional $575.21, despite the fact that the full amount reflected in the Order of Garnishment had already been paid. A copy of said letter is attached hereto as Exhibit 2.

11. On or about August 26, 2009, Defendant filed an Affidavit of Current Balance Due on Garnishment Order with the Lima Municipal Court, alleging an additional balance due on the aforementioned judgment in the amount of $182.37, despite the fact that the prior Order of Garnishment had already been paid in full.

12. In addition, on or about September 9, 2009, a representative of Defendant again contacted Judy Ernest at Plaintiff's place of employment to inquire about whether the additional funds had been paid.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Representing or implying that nonpayment of the alleged debt will result in the garnishment of Plaintiff's wages where such action was unlawful, in violation of 15 U.S.C. § 1692e(4);

    c. Threatening to take action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10); and

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PENNY KOHLI , respectfully prays for a judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000 for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, PENNY KOHLI, respectfully prays for a judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
David@LuxenburgLevin.com